# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) MARK SEIFRIED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(2) PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a wholly-owned subsidiary of PORTFOLIO ASSOCIATES INC.<br><br>　　　　Defendant. | Case No.: 12-CV-032-JHP |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY

Defendant Portfolio Recovery Associates submits the following Responses to Plaintiff's Interrogatories and Document Requests. Defendant would state as follows:

1. Defendant will answer Plaintiff's Discovery Requests in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Oklahoma. To the extent Plaintiff seeks information outside the requirements of these authorities, or seeks to impose duties on Defendant other than those set forth in these authorities, the information is not properly discoverable.

2. Defendant objects to Discovery Requests that call for information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to Discovery Requests that seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.



3. Plaintiff's Discovery Requests may call for information and documents not in the possession, custody or control of Defendant, but in the possession, custody or control of persons or entities over whom Defendant has no control. Such materials are available to Plaintiff through proper discovery processes. In compliance with the Federal Rules of Civil Procedure, Defendant responds to Plaintiff's discovery requests only with information and documents in Defendant's possession, custody or control. To the extent that Plaintiff's Discovery Requests attempt to require Defendant to obtain information or documents not in its possessions custody, or control, Defendant objects to such Discovery Requests on the grounds that: (a) they are over broad and seek to compel Defendant to conduct a search beyond the scope of permissible discovery, (b) compliance with the discovery requests would impose an undue burden and expense on Defendant and (c) the discovery requests seek irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to each Interrogatory that purports to request and require production of documents on the grounds that such requirement is not permissible under Federal Rules of Civil Procedure, Rule33, except as set forth in subsection C thereof.

5. By responding to the Discovery Requests, Defendant concedes neither the relevancy nor the admissibility of any information provided or document or thing produced in response to such Discovery Requests. The production of information, documents or things in response to specific discovery requests does not constitute an admission that such information, document or thing is probative of any particular issue in this case.

6. An indication that documents or things will be made available for inspection does not necessarily mean that such document or thing actually exists or that such document or thing is in Defendant's possession, custody or control. Such an indication means only that, if and to the extent

the document or thing exists and is in Defendant's possession, custody and control, and subject to all objections and conditions set forth in these responses, and subject to the terms of any applicable confidentiality agreement or protective order, inspection and copying will be permitted.

Subject to these statements, the Defendant would state as follows:

## I.   Document Requests

1. Any and all documents identified in Response to all sets of Plaintiff's Interrogatories and Requests for Statements.

**ANSWER:** See attached Account History and Call Report.

2. Any and all documents summarizing, describing, instructing, detailing, or otherwise training for any and all of Defendant's employees in any and all of the following areas:

   a. Collection policies;
   b. Collection procedures;
   c. Collection methods; and
   d. Compliance with local, state, or federal laws, codes, or regulations.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Production Request on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

3.  Any and all collection training or instructional manuals used by Defendant's employees who performed work on Plaintiff's collection account.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Production Request on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

4.  Full and complete copy of the entire collection file pertaining to Plaintiff and/or a Mark Seifried, identifying any and all items that have been removed, destroyed, lost or stolen and/or which any claim of privilege is asserted.

**ANSWER:** See attached Account History.

5.  Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendant in collecting debts.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Production Request on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality

agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

6. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which Defendant has been names as a witness or a party, that have existed or been brought with respect to or involving Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, any lawsuit to with Defendant was a party is of public record and available for Plaintiff to research.

7. Any and all disciplinary notices, performance appraisals, and/or written or verbal reprimands for each employee of Defendant who performed work on Plaintiff's collection account and/or attempted to contact Plaintiff.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

8. Copies of any and all post office box registrations and postage meter permits held by Defendant, or other persons or entities, which are used in any manner by Defendant for purposes of consumer debt collection.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

9. Any and all documents in the possession or control of Defendant which any of Defendant's claims are in any way relevant to the subject matter of the instant lawsuit.

**ANSWER:** See documents produced in response to these Production Requests. Additional documents have been requested from Defendant's archiving and will be supplemented if and when they become available.

10. Any and all documents recording, documenting, or otherwise tracking Defendant's attempts to collect any and all debt(s) from Plaintiff and/or a Mark Seifried, including but not limited to:

    a. Records of all inbound or outbound telephone calls, to or from Plaintiff;

    b. Records of all inbound or outbound United States mail, to or from Plaintiff;

    c. Records of all other inbound or outbound communication of whatever kind, to or from Plaintiff, and

    d. Records of all inbound or outbound telephone calls to third parties made by Defendant attempting to collect any and all debt(s) alleged to be owed by Plaintiff and/or any alleged collection account(s) for Plaintiff and/or a Mark Seifried.

**ANSWER:**   See attached Account History and Call Report.

11.   All contracts between Defendant and original creditor that authorized Defendant to collect any and all debt(s) from Plaintiff and/or Mark Seifried.

**ANSWER:**   See attached Bill of Sale.

12.   Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant to collect debts, which include and Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff and/or a Mark Seifried.

**ANSWER:**   See attached Account History.

13.   Exemplars of any and all orientation, new hire, or any other manuals given to Defendant's employees that performed work on Plaintiff's collection account.

**ANSWER:**   Defendant objects to this Production Request on the grounds that it seeks information that is neither relevant nor likely to lead to the introduction of relevant evidence.

14.   All documents describing the method by which Defendant ensures that its employees, servants, or agents do not harass the individuals from whom they attempt to collect debts.

**ANSWER:**   Defendant objects to this Production Request on the grounds that it is overly broad, vague and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

15. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

**ANSWER:** See attached status code descriptions.

## REQUEST FOR PRODUCTION OF STATEMENTS

1. All statements made by parties and non-parties, which are in the possession or control of Defendant, concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.

**ANSWER:** Defendant objects to this Production Request on the grounds that it is overly burdensome as it seeks information that should be known to Plaintiffs. Defendant objects to this Production Request to the extent that Plaintiff seeks a description of the contents of documents that are self-explanatory. In addition, Defendant objects to this Production Request to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.

## II. Interrogatories

1. For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant to answer any interrogatory, state the following:

   a. First, Last, and middle legal name:

   b. All trade names, Doing business As ("dba"), fake, or alias names(s) used by this person;

   c. Job title or capacity; and

   d. Business address and telephone number;

**ANSWER:** Tara Privette

   140 Corporate Blvd

8

Norfolk, VA 23502

Senior Vice President Operations

2.  Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

**ANSWER**:  Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Interrogatory to the extent that the information is known to Plaintiff. Defendant objects to this Interrogatory to the extent that Plaintiff seeks a description of the contents of documents that are self-explanatory. In addition, Defendant objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged, responsive documents in its possession, custody or control that are responsive to this Interrogatory.

3.  Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in the lawsuit, state the following:

   a.  First, last, and middle legal name;

   b.  All trade names, dba, fake, or alias name(s) used by the person;

   c.  Job title or capacity; and

   d.  Business address and telephone number: and

   e.  If the person is no longer employed by Defendant, the last known home address of the person.

**ANSWER**:  Defendant objects to this Interrogatory to the extent that it seeks confidential, personal information of non-parties. Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information

9

which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, Defendant responds as follows:

- 10/23/2011 – PRA127 – Judy Brown
- 11/25/2011 – PRK092 – Heather M. Pounds
- 12/2/2011 – PRA143 – Sonia D. Michael
- 12/27/2011 – PRB005 – Patricia T. Pritchett

4.    Identify the names of all employees of Defendant, including but not limited to collectors who have spoken to Plaintiff and/or a Mark Seifried at any time, their title, address and whether such person(s) are no longer employed by Defendant.

**ANSWER:** Patricia T. Pritchett spoke with Plaintiff on December 27, 2011. She is still employed by Defendant.

5.    Identify and describe with particularity all training that Defendant provides to its employees or its employees receive in the area of debt collection, including but not limited to:

    a.    The training content, timing, and duration;

    b.    All documents and audio or visual materials used in such training; and

    c.    Each person involved in providing such training.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or

statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

6. Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that the employees of Defendant who performed work on Plaintiff's collection account were given, read, reviewed, or otherwise used, regarding the collection of debts.

**ANSWER**: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

7. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendant uses, maintains, or operates to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendant's policies and procedures for operating such a system of records.

**ANSWER**: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, does not seek information that is relevant to the subject matter of this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory

provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing objections, Defendant utilizes PRANet, a proprietary collections program to record its communications on its collections accounts. PRA's use of PRANet includes confidential information and are closely guarded trade secrets. PRA is not the only entity engaged in the highly competitive world of debt purchasing and collection. PRANet was developed, refined, improved and implemented over time with a considerable amount of time and effort to keep PRA competitive in the industry. Any further response to this interrogatory must therefore be made subject to a confidentiality order before PRA will provide a response.

8. Identify whether Defendant electronically records telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings.

**ANSWER:** Calls may be monitored and recorded for training purposes. Any calls recorded are retained and/or may be disposed of according to company policy.

9. Identify whether Defendant recorded any telephone calls with Plaintiff and/or a Mark Seifried, whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

**ANSWER:** There is one call recording available in regards to the subject account. Said call is in the possession of Defendant.

10. Identify all accounts that Defendant was trying to collect from Plaintiff and/or Mark Seifried and/or accounts for which Defendant contacted Plaintiff and/or Mark Seifried in its attempt to collect a debt, identifying for each:

   a. The original creditor's full legal name;

12

  b. The original creditor's address, city, state and zip code;

  c. The original creditor's telephone number;

  d. The account number assigned to the account by the original creditor;

  e. The account number assigned to the account by the Defendant, if different from original creditor; and

  f. The name of the individual on the account.

**ANSWER:** CAPITAL ONE BANK (USA) NA; account number 5291071384457881

  11. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which any and all debts allegedly owed by Plaintiff and/or Mark Seifried were referred, placed or otherwise assigned to Defendant for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

  12. Identify and describe each document known to Defendant, which is related to or contains information about any and all debts being collected from Plaintiff and/or a Mark Seifried.

**ANSWER:** Defendant objects to this Interrogatory on grounds that it does not describe the document with reasonable particularly that would enable Defendant to provide a response.

Defendant is willing to revisit this response if Plaintiff would provide greater specificity in the request.

13. Identify and describe each communication, or attempted communication, between Defendant with Plaintiff, or Defendant with any other person, which was made in connection with the collection of a debt(s) from Plaintiff and/or a Mark Seifried by stating the following:

   a. The name of the individual initiating communication;

   b. The name of the person and/or description of the person to whom the communication was directed;

   c. The date and time of the communication;

   d. The method of the communication (e.g. letter, phone call, in-person);

   e. A detailed description of the substance of the communication (do not simply refer to collection notes);

   f. Identification of all witnesses to or participants in the communication; and

   g. Any actions taken by Defendant as a result of the communication.

**ANSWER:** Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Interrogatory to the extent that the information is known to Plaintiff. Defendant objects to this Interrogatory to the extent that Plaintiff seeks a description of the contents of documents that are self-explanatory. In addition, Defendant objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged, responsive documents in its possession, custody or control that are responsive to this Interrogatory.

14. State the name address, telephone number, title, place of employment and field of expertise of each person whom Defendant intends to call as an expert witness at a trial of this case, identifying:

   a. The subject matter on which the expert is expected to testify;

   b. The substance of the facts and opinions to which the expert is expected to testify;

   c. A summary of the grounds for each opinion the expert is expected to testify;

   d. All documents, treaties, books, studies, or other materials upon which the expert may relay for information or support of facts and opinions; and

   e. The expert's current curriculum vitae or resume.

**ANSWER:** The specific identity of the witness has not been determined at this time. Defendant reserves the right supplement its response.

15. Identify by name, position, business address, and business telephone number, all witnesses that Defendant intends to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.

**ANSWER:** The specific identity of the witness has not been determined at this time. Defendant reserves the right supplement its response.

16. Identify and describe specifically all the exhibits Defendant may introduce at the trial of this matter. (Alternatively, you may respond by supplying copies of each such exhibit and marking them as responsive to this interrogatory.)

**ANSWER:** Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Interrogatory to the extent that the information is known to Plaintiff. Defendant objects to this Interrogatory to the extent that Plaintiff seeks a description of the contents of documents that are self-explanatory. In addition, Defendant

objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged, responsive documents in its possession, custody or control that are responsive to this Interrogatory.

17. Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distant telephone services of any kind to Defendant's business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for the period of two (2) years before the date of this request to the present.

**ANSWER:** Century Link formally Qwest, Sprint, Verizon, Cox.

18. Identify every single local or long distance telephone number used by Defendant in the course of their business/businesses or otherwise which is used, accessible, or made available at any time; to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

19. Identify the name, telephone extension numbers, collector number, and long distance access code of each Defendant or other person whom is or was employed by Defendant to collect debts to any extent for a period of three (3) years before the date of this request to the present.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

20. Identify the method and techniques employed by Defendant to ensure that its employees do not leave messages on machines that could be accessed by someone other than the alleged debtor.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint does not allege any violations resulting from messages left on machines.

21. Identify all lawsuits brought against Defendant at any time, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive and to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, any lawsuit to with Defendant was a party is of public record and available for Plaintiff to research.

22. State and describe all facts which Defendant relies upon to support its affirmative defense that, "Plaintiff's claim is barred by the bona fide error defense."

**ANSWER:** Defendant objects to the request on grounds that it calls for a legal conclusion which this entity is not capable of providing.

23. State all facts which Defendant contends supports its assertion that, "Some or all of Plaintiff's claims may be time-barred by the applicable statute of limitations."

**ANSWER:** Defendant objects to the request on grounds that it calls for a legal conclusion which this entity is not capable of providing.

Respectfully submitted,

BRYAN & TERRILL

  *s/J. Spencer Bryan*
J. Spencer Bryan, OBA # 19419
Bryan & Terrill Law, PLLC
401 South Boston, Suite 2201
Tulsa, OK 74103
Tele: (918) 935-2777
Fax: (918) 935-2778
jsbryan@bryanterrill.com
*Attorney for Portfolio Recovery Associates, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I mailed and electronically transmitted the forgoing instrument to the to the following:

Tara Patterson
tpatterson@creditlaw.com

Victor Wandres
victor@paramount-law.net

                                            s/J. Spencer Bryan
                                            J. Spencer Bryan