# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MARK SEIFRIED,                        )
                                      )
    Plaintiff,                       )
                                      )
v.                                    )     Case No. CIV-12-032-JHP
                                      )
PORTFOLIO RECOVERY ASSOCIATES,        )
LLC, a wholly-owned subsidiary        )
of PORTFOLIO RECOVERY                 )
ASSOCIATES, INC.,                     )
                                      )
    Defendant.                       )

## **FINDINGS AND RECOMMENDATION**

      This matter comes before this Court on Plaintiff's Amended Motion to Compel Production of Certain Documents, Compel Full and Complete Responses to Interrogatories, and for an Award of Expenses Pursuant to Rule 37 (Docket Entry #42). By Order entered January 11, 2013, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for the purpose of entering Findings and a Recommendation as to its final disposition. This Court specifically finds that no hearing is necessary to resolve the issues raised by the subject Motion.

      The progression of discovery in this case has been somewhat unusual and stunted. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff contends Defendant violated the FDCPA by repeatedly placing collection telephone calls to him and third parties with prohibited frequency and during prohibited hours.

Plaintiff served discovery requests upon Defendant on June 27, 2012 to which Defendant responded on September 24, 2012. A protective order was entered on July 5, 2012 maintaining the confidentiality of the documents produced in discovery. Defendant objected to many of Plaintiff's requests and Plaintiff was dissatisfied with the responses.

On October 22, 2012, Plaintiff deposed Defendant's corporate representative, Timothy Rees ("Rees"). Based upon information developed at the deposition, Plaintiff's counsel reached the conclusion that Defendant had not produced all of the documents to which Rees referred in his deposition. Consequently, prior to a scheduled settlement conference, Plaintiff's counsel sent e-mails to Defendant's counsel concerning the responses to the discovery requests. In a letter to Defendant's counsel dated October 24, 2012, Plaintiff's counsel identified various documents which he contended were omitted from the original submission of discovery documents. Defendant asserts this letter was served by e-mail at 1:06 p.m., demanding production of the documents within seven hours before the settlement conference the next day. While counsel met in advance of the filing of the subject Motion and Defendant's counsel did produce additional documents, Plaintiff's counsel asserts the responses remain lacking and deficient.

Many of Defendant's objections to the production of discovery requested by Plaintiff turns upon the information's relevancy.

Discovery should be permitted on any subject matter relevant to the pending litigation. The issue of whether a particular item is discoverable does not turn upon whether it is admissible but rather only if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). A request for discovery should be considered relevant unless the information sought can have no possible bearing upon the subject matter of the action. Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138-39 (W.D. Okla. 1977).

Turning to the merits of the request to compel production, this Court finds as follows on each request:

1) All documentation for Plaintiff's account number 5488975007804266.

This request pertains to the account of Plaintiff's wife with Defendant. Plaintiff contends that his records reference this account number and, therefore, is made relevant to Plaintiff's claims under the FDCPA. In truth, Plaintiff did not request these documents with sufficient specificity in his original discovery requests to consider them properly requested. While Plaintiff attempts to bootstrap this request into his Request for Production No. 4, the documentation sought is outside the scope of the cited request. Moreover, Defendant's concerns with regard to the production of documents from an account of a non-party are legitimate. Simply listing Plaintiff's wife as a co-debtor on

account information when she is not a party to this action does not render the production appropriate. Defendant need not produce these documents based upon the state of the record at this time.

2) Defendant's new hire training manual.

Plaintiff states the manual is sought as relevant to the bona fide error defense which Defendant may assert and to calculate damages under the FDCPA. The bona fide error defense under the FDCPA requires a showing that a "violation of the action was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S.Ct. 1605, 1608 (2010). Defendant essentially objects to the production of training manuals on relevancy grounds, contending Plaintiff has failed to establish a violation of the FDCPA in order to justify the production of the manuals.

The production of the manuals is relevant to establishing the base knowledge of Defendant's employees as to the limitations imposed by the FDCPA and, consequently, the bona fide error defense. This same level of knowledge may assist in any damage calculation with regard to the willfulness of the actions of any of Defendant's employees. At this stage of the litigation, Plaintiff has sufficiently stated a cause of action to warrant the production of the training manuals. This Court would note that any such

4

production is subject to the protective order already entered in this case. Additionally, only the manuals that were in effect at the time Plaintiff alleges the violation of the FDCPA should be produced.

3) FDCPA testing of Defendant's new hires.

Plaintiff seeks the employee testing on the FDCPA for newly hired employees. This information is sought for essentially the same reasons that the training manuals are sought. For substantially the same reasons, this Court finds the testing should also be produced. Again, the produced documents will be subject to the previously entered protective order and should encompass only the testing given at the time Plaintiff alleges the violation of the FDCPA.

4) Hyperlinks in Defendant's account notes, specifically related to the hyperlinked "Skip Module."

Plaintiff seeks the information that is hyperlinked to his account. Specifically, Plaintiff requests the production of the "Skip Module," a term which is not completely explained by the parties. Apparently, the hyperlinked "Skip Module" relates to "old contact information for Plaintiff." Since one of Plaintiff's claims relates to Defendant contacting Plaintiff's parents "in order to embarrass Plaintiff," Plaintiff seeks the old contact information contained in this "Skip Module."

After complaining that he believed the request had been

5

withdrawn, Defendant contends the "Skip Module" contains information about the debt itself and not the collection of the debt, which would represent the violation of the FDCPA as alleged by Plaintiff. In any event, the information sought may be reasonably calculated to lead to admissible evidence and, therefore, is relevant whether it pertains to the debt itself or collection of the debt. Defendant will be required to produce this information.

5) Names and contact information of all individuals who have knowledge regarding Plaintiff's accounts with Defendant, including persons on the "Strategy Team," "Acquisitions Team," and the "M and I Team."

Plaintiff originally requested the identity of all persons with knowledge of the events contained in this lawsuit through its Interrogatory No. 3. The specifics of these individually identified teams became clearer during the course of Reese's deposition. Whether this information should have been produced as a part of Defendant's original Rule 26 disclosures is debatable. The relevancy of this information now is not. Defendant should produce the identity and contact information for the team members of these teams.

6) All outgoing telephone numbers used by Defendant in its attempt to collect Plaintiff's debt, and all telephone service providers for said numbers.

Plaintiff contends this information is necessary to subpoena

Defendant's telephone records and demonstrate "Defendant's continuous and repetitive calling patterns." Defendant counters that it has produced call logs identifying all calls placed from collectors on Plaintiff's accounts as well as the identity of Defendant's long distance carrier. This information is sufficient for Plaintiff to obtain any additional calling information from Defendant's carriers. Defendant is not required to produce this information.

7) The terms of the "Agreement" between Defendant and Capital One regarding the collection of the underlying debt.

Plaintiff first contends in the Motion that the Agreement contains information "regarding the underlying debt" which does not appear to be in dispute in this case. Defendant responded that the request had been withdrawn by Plaintiff's local counsel. Plaintiff disputes this characterization and states the "agreement sought contains information regarding the validity and contact information provided by Capital One, and whether Defendant had Plaintiff's correct contact information at the time that it first acquired the underlying account. . . ." Based upon these contentions, this Court is unsure what will be found in the Agreement. In any event, Defendant shall produce the agreement with Capital One, in particular any contact information which Capital One passed to Defendant for use in the collection of the underlying debt.

8) Any credit bureau reports that were viewed relating to

7

Plaintiff's account.

Plaintiff seeks this information because it details Defendant's attempts to collect the debt from Plaintiff and Defendant's contacts with Plaintiff. Again, Defendant only responds that this request had been abandoned by Plaintiff's local counsel. Plaintiff does not state why he cannot obtain his own credit reports. Regardless, the request seeks the reports Defendant viewed in relation to Plaintiff's account and, therefore, may be reasonably calculated to lead to admissible evidence. Defendant shall produce any such reports in its possession.

9) The name and contact information for an individual who has knowledge regarding Defendant's bonus structure and/or incentive programs.

Plaintiff contends this information should have been contained in Defendant's initial disclosures then states that the information is relevant to the bona fide error defense. Defendant asserts it does not intend to use any such person to further a claim or defense and was not required to initially disclose these individuals. Unless Plaintiff can establish that collection of his debt somehow resulted in a bonus or incentive to the individual or individuals responsible for collecting his debt, this information is not relevant to the bona fide error defense or any other matter at issue in this litigation. Defendant need not produce this information.

10) <u>Interrogatory Nos. 5, 6, 7, and 21</u>:

These Interrogatories relate to the production of training materials, checklists, and various other information utilized in the collection of debts by Defendant's employees. Plaintiff asserts they are relevant to the bona fide error defense to establish the level of knowledge and understanding of Defendant's employees. In a blanket objection, Defendant contends Plaintiff has failed to identify a violation of the FDCPA and, therefore, it should not be required to provide the information sought by Defendant. Defendant's contentions are best addressed in a motion to dismiss for the failure to state a claim, which this Court would note has not been filed in this case. The information is arguably relevant to the claims asserted and the bona fide defense claimed by Defendant in Affirmative Defense No. 4 of its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint filed February 4, 2013 (Docket Entry #52). Defendant shall provide the information sought by these Interrogatories.

11) <u>Interrogatory No. 8</u>: Identify whether Defendant electronically records telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings.

Defendant responded to this request in stating that the calls may be monitored and that they are "retained and/or may be disposed of according to company policy." Plaintiff states Defendant should have provided more information regarding the method of retention of

9

the calls. Defendant shall either further explain the method of retention or disposal of these calls in further detail or specifically reference the company policy and its location in its written materials in response to this Interrogatory.

12) <u>Interrogatory Nos. 17 and 18</u>: Identify the business name, address, and telephone numbers of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendant's business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for the period of two (2) years before the date of this request to present.

This Court has previously addressed this subject in connection with Plaintiff's document request seeking essentially the same information. Defendant has produced a call log and the identity of its carriers. This is sufficient for Plaintiff to subpoena Defendant's records from the service providers. No further information need be produced.

13) <u>Request for Production of Documents Nos. 6, 7, 13, and 14</u>: Requests for documentation on lawsuits, disciplinary information, new hire training manuals, and steps to prevent harassment of persons from whom they collect.

While these requests seek seemingly unrelated information, the basis for the documentation sought by Plaintiff is the same – to explore the viability of the bona fide error defense. Defendant likewise responds to all of these requests that Plaintiff has filed to establish a violation of the FDCPA and should not be permitted to discover the documentation sought until he has done so. Again,

this assertion should be brought before the Court in an appropriate dispositive motion and is not a basis for denying the production of discovery. Defendant shall provide detailed answers to these Interrogatories.

14) <u>Request for Production of Documents No. 9</u>: Any and all documents in the possession or control of Defendant which any of Defendant's claims are in any way relevant to the subject matter of the instant lawsuit.

This "catch-all" Request serves little purpose other than to attempt to corner Defendant should it attempt to utilize a document which was not produced in discovery. Document requests must "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Plaintiff's request is impermissibly broad and unspecific. Defendant need not provide any further response to this Request.

Plaintiff also seeks an award of expenses in relation to the filing of the subject Motion under Fed. R. Civ. P. 37(a)(5). In relation to some of the requests, this Court has found Defendant's failure to provide the information to be substantially justified, thereby precluding the award of expenses. Fed. R. Civ. P. 37(a)(5)(ii). Further, the confusion between counsel as to whether certain information requests were withdrawn is apparent, although disputed. Considering all of the mitigating factors, this Court finds that the awarding of expenses would be unjust and will not be recommended. Fed. R. Civ. P. 37(a)(5)(iii).

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Amended Motion to Compel Production of Certain Documents, Compel Full and Complete Responses to Interrogatories, and for an Award of Expenses Pursuant to Rule 37 (Docket Entry #42) be **DENIED**, in part, and **GRANTED**, in part, as more specifically detailed herein.

IT IS THE FURTHER RECOMMENDATION OF THE UNDERSIGNED that Defendant be required to provide the additional discovery directed in these Findings and Recommendation within fifteen (15) days, should these Findings and Recommendation be affirmed and adopted by the presiding United States District Judge.

IT IS THE FURTHER RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's request for an award of expenses under Fed. R. Civ. P. 37(a)(5) be **DENIED.**

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 10th day of June, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE