IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK SEIFRIED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | Case No. 12-CV-0032-JHP |
| LLC, a wholly-owned subsidiary of ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are Defendant Portfolio Recovery Associates, LLC's ("PRA") Motion for Summary Judgment, [Doc. No. 100]; Plaintiff's Response in Opposition Thereto, [Doc. No. 105]; and PRA's Reply to Plaintiff's Response, [Doc. No. 114]. Also before the Court are Plaintiff's Motion to Strike, [Doc. No. 104]; and PRA's Response in Opposition thereto, [Doc. No. 113]. After consideration of the briefs, and for the reasons detailed below, PRA's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Strike is **DENIED.**

**BACKGROUND**

**A. Procedural History**

On January 23, 2012, Plaintiff filed this action in which he alleges that PRA violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* in its efforts to collect a debt from him. Specifically, Plaintiff asserts the four claims based on violations of the following provisions of the FDCPA: (1) § 1692c(c) (ceasing communication), (2) § 1692d (harassment or abuse), (3) § 1692e (false or misleading communications), and (4) § 1692f (unfair practices). On October 4, 2013, PRA filed its Motion

for Summary Judgment, which relied in part on a declaration made by Timothy Rees to support PRA's assertion of the boni fide error defense.[1]  On November 1, 2013, Plaintiff simultaneously filed a Motion to Strike, [Doc. No. 104], and his Response in Opposition to PRA's Motion for Summary Judgment, [Doc. No. 105].  Then, on November 15, 2013, PRA filed its Reply to Plaintiff's Response, [Doc. No. 114], and Response in Opposition to Plaintiff's Motion to Strike, [Doc. No. 113].  These motions are now fully briefed and before the Court.

**B.  Plaintiff's Motion to Strike**

As a threshold matter, the Court must first consider Plaintiff's Motion to Strike, [Doc. No. 104].  Plaintiff argues that certain portions of the Declaration of Timothy Rees, [Doc. No. 81, Ex. 8], must be stricken because (1) Mr. Rees' averments are not based on personal knowledge; (2) Mr. Rees' Declaration is based on documents that Defendant did not produce to Plaintiff; and (3) Mr. Rees' Declaration is based on inadmissible evidence.

First, with regard to Plaintiff's argument that Mr. Rees' Declaration must be stricken because it is not based on personal knowledge, the Court finds the personal knowledge requirement of Rule 56(c)(4) inapplicable to Mr. Rees' Declaration due to Mr. Rees' status as a Rule 30(b)(6) representative.  Rule 30(b)(6) provides the following:

> a party may name as the deponent a … private corporation … and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. … The persons designated must testify *about information known or reasonably available to the organization*.

---

[1] The Court notes that PRA's Motion for Summary Judgment incorporates by reference the arguments originally made in PRA's brief in support of its First Motion for Summary Judgment, [Doc. No. 81].

(emphasis added). Significantly, it is well established that persons designated under Rule 30(b)(6) may testify on matters outside of their personal knowledge so long as the testimony is based on knowledge of the organization. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012); *Nacco Materials Handling Group, Inc. v. Lilly Co.*, 278 F.R.D. 395, 400 (W.D. Tenn. 2011); *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 239 n.1 (D. Md. 2010); *FCC v. Mizuho Medy Co. Ltd.*, 257 F.R.D. 679, 681 (S.D. Cal. 2009); *Board of Trustees of Leland Stanford Junior University v. Tyco Intern. Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216, 70 Fed. R. Serv. 3d 764 (E.D. Pa. 2008); *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 425, 68 Fed. R. Serv. 3d 485 (D. Kan. 2007); *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527–28 (D. Kan. 2006). Indeed, one of the defining features of the Rule 30(b)(6) mechanism is that the organization, through its duty to prepare a witness capable of speaking for the organization on the matters specified in the notice, will oftentimes create a witness who can then relay the information known or reasonably available to the organization. *See Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433, 71 Fed. R. Evid. Serv. 868, 61 U.C.C. Rep. Serv. 2d 762 (5th Cir. 2006).

Plaintiff argues that Fed. R. Civ. P. 56(c)(4) requires that an affidavit or declaration in support of a summary judgment motion must be made with personal knowledge. Indeed, Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Courts considering the issue of whether Rule 56(c)(4)'s personal knowledge requirement applies to Rule 30(b)(6) representative, however, have found that a sworn affidavit from a corporate representative may

be considered when relied on in a motion for summary judgment. *Weinstein v. D.C. Hous. Auth.*, 931 F. Supp. 2d 178, 186-87 (D.D.C. 2013) (citing *Williamson v. Life Ins. Co. of N. Am.*, 2012 WL 3262857, at *1 n. 1 (D. Nev. Aug. 8, 2012); *Schwendimann v. Arkwright Advanced Coating Inc.*, 2012 WL 928214, at *1 n. 1 (D. Minn. Mar.19, 2012) (finding that the Court would consider the declaration even though the signor lacked personal knowledge of its contents, because the signor was a designated Rule 30(b)(6) representative); *Sunbelt Worksite Mktg., Inc. v. Metro. Life Ins. Co.*, 2011 WL 3444256, at *2 (M.D. Fla., Aug. 8, 2011) ("While Rule 54(c)(4) does require an affidavit to be based on personal knowledge ... an affidavit by a Rule 30(b)(6) designee does not have to be based on personal knowledge but is expected to be based on the organization's collective knowledge.")). Accordingly, Mr. Rees' Declaration may be considered even though it is not based on his personal knowledge.

With regard to Plaintiff's remaining arguments, PRA asserts that it "did not produce any written policy because the specific practices at issue were not reduced to writing in December 2011." [Doc. No. 113, 2 n.1]. Further, PRA's argument is not based on the existence of written policies. Therefore, Mr. Rees' Declarations cannot be stricken on these grounds. For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED.**

## C. Factual Background[2]

Plaintiff, a disabled veteran, incurred debt on a revolving credit account totaling $3897.38 sometime prior to May of 2007. Collection efforts by PRA with regard to this debt began in May of 2007 and continued until December 27, 2011. During this time, Plaintiff answered the calls from PRA on 22 occasions. According to PRA's internal records, Plaintiff

---

[2] The following facts are either not specifically controverted by Plaintiff in accordance with Local Civil Rule 56.1(c), not subject to a genuine dispute, or are described in the light most favorable to Plaintiff. Immaterial facts are omitted.

informed PRA that he was unable to pay on multiple occasions, once even informing PRA that his inability to pay was based on his disability, and often simply discontinued the call when he realized that PRA was the party calling. In addition, on June 16, 2010, Plaintiff informed a PRA representative that "[PRA] might as well quit calling" and immediately hung up. Further, PRA also contacted Plaintiff's parents by phone on several occasions. From September 1, 2011 through December 27, 2011, PRA attempted at least 63 calls on Plaintiff's account, with between 33 and 51 calls actually connecting. The only call Plaintiff answered during this period was the last call on December 27, 2011, at 7:24 p.m. Eastern Standard Time. During that conversation, Plaintiff informed PRA that he was represented by counsel, and PRA immediately ceased all collection activity. Prior to this conversation, Plaintiff, through his counsel, mailed a certified letter to PRA (the "Cease and Desist Letter") indicating that Plaintiff was represented by counsel and no longer wished to be contacted by PRA. PRA representatives signed for this certified letter from Plaintiff's counsel at 10:37 a.m. on December 27, 2011. During the time period relevant to this lawsuit, it is undisputed that PRA did not have written procedures regarding processing cease and desist letters, such as the one sent by Plaintiff's counsel.

## DISCUSSION

As a general rule, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**A. Section 1692d(5) Claim**

Section 1692d of the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d(5) states that the FDCPA is violated when a party "[causes] a telephone to ring or engage[s] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Generally, actionable harassment or annoyance turns on the volume and pattern of calls made, along with whether or not calls were accompanied by oppressive conduct. *Majeski v. I.C. Sys., Inc.*, 08 CV 5583, 2010 WL 145861 (N.D. Ill. Jan. 8, 2010) (citing *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149, 1160–61 (N.D. Cal. 2007) (54 telephone calls to debtor's workplace in six months, 17 of which made in the same month and six on one day alone, violated § 1692d(5)); *Kuhn v. Account Control Tech., Inc.*, 865 F.Supp. 1443, 1452–53 (D. Nev. 1994) (six telephone calls in 24 minutes constituted harassment in violation of § 1692d(5)); *Bingham v. Collection Bureau, Inc.*, 505 F.Supp. 864, 873 (D. N.D. 1981) (when a call was terminated and collection agency called back immediately, the subsequent call alone could constitute harassment under § 1692d(5))). In addition, "[a] remarkable volume of telephone calls is permissible under FDCPA jurisprudence." *Zortman v. J.C. Christensen & Associates, Inc.*, 870 F.Supp.2d at 707 (citing *VanHorn v. Genpact Servs., LLC*, No. 09–1047–CV–S–GA F, 2011 WL 4565477, at * 1 (W.D. Mo. Feb.14, 2011) (finding 114 calls in a four-month period did not violate the FDCPA);

6

*Carman v. CBE Grp., Inc.*, 782 F.Supp.2d 1223, 1232 (D. Kan. 2011) (granting summary judgment in favor of a defendant who placed 149 telephone calls to the plaintiff during a two-month period); *Clingaman v. Certegy Payment Recovery Servs.*, No. H–10–2483, 2011 WL 2078629, at *5 (S.D. Tex. May 26, 2011) (granting summary judgment for a defendant who placed 55 phone calls over three and one-half months). Nevertheless, the reasonableness of the volume and pattern of telephone calls is often a question of fact best left to a jury. *See, e.g., Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, (D. Md. 2004) (citing *Narwick v. Wexler*, 901 F.Supp. 1275, 1282 (N.D. Ill. 1995)) (reasonableness of 26 to 28 calls over two months, at times on a daily basis, with up to three calls within five hours in a single day, was a question of fact for the jury); *Joseph v. J.J. Mac Intyre Companies, LLC*, 281 F.Supp.2d 1156, 1164–65 (N.D. Cal. 2003) (declining to decide whether 75 phone calls constituted a pattern of harassment because the issue "cannot be decided as a matter of law.").

After carefully reviewing the parties' submissions, the Court finds, viewing the evidence in a light most favorable to Plaintiff as the non-moving party, the evidence in the record sufficient to create a genuine question of fact as to whether PRA's phone calls were placed with the intent to annoy, abuse, or harass. Significantly, because the facts of this case involve high call volume, as well as calls to Plaintiff's immediate family and continued phone calls after Plaintiff informed PRA that "they might as well stop calling," a rational juror could infer that PRA's collection efforts violated § 1692d(5) of the FDCPA. Accordingly, PRA's Motion for Summary Judgment must be denied as to the § 1692d(5) claim.

**B. Section 1692c(c) and 1692c(a)(2) Claims**

Plaintiff also asserts that PRA violated the FDCPA by contacting Plaintiff after receiving the Cease and Desist Letter from Plaintiff's counsel on December 27, 2011. Section 1692c(c) states:

> Ceasing communication—if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt ... .

Section 1692c(c) also provides that such notice from a consumer is "complete upon receipt." *Id.*

Similarly, § 1692c(a)(2) prohibits a debt collector from contacting a debtor known to be represented by counsel. Under § 1692c(a)(2), however, "[c]ourts have construed the 'knowledge' component of 1692c(a)(2) to require that a debt collector possess 'actual knowledge' that the debtor was represented by an attorney. *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 80 (N.D.N.Y. 2001). Here, It is undisputed that PRA representatives contacted Plaintiff after PRA received the Cease and Desist Letter from Plaintiff's counsel on December 27, 2011.

The Court finds that there is no dispute as to whether PRA violated § 1692c(c) as PRA contacted Plaintiff after receipt of the Cease and Desist Letter, and notice was complete at the time PRA received the letter pursuant to § 1692c(c). With regard to Plaintiff's § 1692c(a)(2) claim, the Court finds there is a disputed question of fact regarding whether PRA had knowledge that Plaintiff was represented by counsel at the time of the final phone call on December 27, 2011. Accordingly, absent the establishment a defense to liability, these claims must be submitted to a jury.

PRA argues that it is absolved from liability for its any violations of § 1692 pursuant to the bona fide error defense. The bona fide error defense is an affirmative defense that insulates

debt collectors from liability even when they have violated the FDCPA. Specifically, the bona fide error provision provides that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).  "[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006).  Further, "[t]he procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'-*i.e.,* actually employed or implemented-procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue."  *Id.* at 729 (citing 15 U.S.C. § 1692k(c)).

After reviewing the parties' submissions, the Court finds that summary adjudication on the issue of whether PRA has established the elements of the bona fide error is inappropriate. The evidence in the record is simply insufficient to establish any of the three elements of this defense as a matter of law.  Given the almost purely circumstantial evidence in the record on this subject, coupled with the inherent credibility determinations required, the issue of whether PRA may be absolved from liability pursuant to the bona fide error defense is best left to a jury.

**C.  Section 1692e and 1692f Claims**

With regard to Plaintiff's claim that PRA violation §§ 1692e and 1692f, Plaintiff argues that PRA failed to move for summary judgment on these claims.  Consequently, Plaintiff declined to address these issues, asserting that he is not required to address issues not raised in

9

PRA's Motion for Summary Judgment.  PRA does not expressly dispute that it failed to address these claims in its motion brief.  Instead, PRA explains that it

> has provided the Court with Plaintiff's deposition transcript which established the absence of any genuine dispute of material fact regarding claims under sections 1692e … and 1692f … .

[Doc. No. 114].[3]

The relevant inquiry, however, is whether PRA's Motion properly articulated that PRA sought summary adjudication of these claims.  As the moving party, PRA has "the initial burden of identifying the basis for seeking summary judgment."  *Costello v. Grundon*, 651 F.3d 614, 635 (7th Cir. 2011) (citing *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) ("Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial.")); *see also Celotex*, 477 U.S. at 323.  In response, the nonmovant is not required to present evidence on an issue not properly raised by the movant.  *See, e.g. Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006) ("[I]f the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision."); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) ("The party opposing summary judgment has no obligation to address grounds not raised in a motion for summary judgment.").  Indeed, "[w]hen a party moves for summary judgment on ground A, his opponent is not required to respond to ground B—a ground the movant might have presented but did not."  *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th

---

[3] In its Reply, PRA cited to sections of its Motion, [Doc. No. 81, 4-5, ¶¶ 14-19], arguing the facts contained therein establish that PRA is entitled to summary judgment on Plaintiff's § 1692e and §1692f claims.

Cir. 1989) (citing *Bonilla v. Nazario*, 843 F.2d 34, 37 (1st Cir. 1988); *John Deere Co. v. American National Bank*, 809 F.2d 1190, 1192 (5th Cir. 1987)).

The Court has carefully reviewed PRA's Motion for Summary Judgment and brief in support thereof, [Doc. No. 81], and finds that PRA failed to properly assert that it was entitled to summary judgment as to Plaintiff's § 1692e and §1692f claims.  Furthermore, PRA's brief does not articulate with references to the record and to the law that PRA is entitled to summary adjudication on these claims.  Accordingly, summary adjudication of Plaintiff's § 1692e and §1692f claims is inappropriate.

## CONCLUSION

For the reason's outlined above, PRA's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Strike is **DENIED.**

**IT IS SO ORDERED** this 25 day of November, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma