**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

MARK SEIFRIED,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          Case No. CIV-12-032-JHP
                                        )
PORTFOLIO RECOVERY ASSOCIATES,          )
LLC, a wholly-owned subsidiary          )
of PORTFOLIO RECOVERY                    )
ASSOCIATES, INC.,                       )
                                        )
            Defendant.                  )

## FINDINGS AND RECOMMENDATION

This matter comes before this Court on Plaintiff's Motion for
an Award of Attorney's Fees and Costs (entitled "Memorandum of Law
in Support of Plaintiff's Motion for an Award of Attorney's Fees
and Costs") filed January 14, 2014 (Docket Entry #144). By Order
entered January 30, 2014, United States District Judge James H.
Payne, the judge presiding over this case, referred the subject
Motion to the undersigned for the purpose of entering Findings and
a Recommendation as to its final disposition.

To that end, on April 11, 2014, this Court conducted a hearing
for the presentation of evidence and argument in connection with
the subject Motion. Tara Patterson represented Plaintiff at the
hearing while Defendant was represented by J. Spencer Bryan.

Plaintiff commenced this case on January 23, 2012, alleging
Defendant violated various provisions of the Fair Debt Collection
Practices Act ("FDCPA") while attempting to collect on a debt. The
Complaint was subsequently amended on two occasions - January 27,

2012 to correct the named party Defendant and on January 21, 2013 after Plaintiff discovered additional facts and theories for recovery under the FDCPA. The case proceeded through various discovery disputes, settlement conferences, and dispositive motions. Ultimately, Judge Payne denied Defendant's summary judgment motion and the case proceeded toward trial.

On December 31, 2013, however, Plaintiff filed a Notice of Acceptance of Offer of Judgment, accepting Defendant's offer of judgment made pursuant to Fed. R. Civ. P. 68 and appended to the Notice. Defendant's offer of judgment provided that (1) judgment would be entered against Defendant in the amount of $2,500.00 as to Plaintiff's claims asserted in the Second Amended Complaint; (2) judgment would also be entered against Defendant for Plaintiff's reasonable attorneys' fees and costs through the date of acceptance of the offer either in an agreed upon amount or as determined by the court; (3) judgment would be entered against Defendant for Plaintiff's actual costs for the filing fee and service of the summons and Complaint; and (4) Defendant agreed to cease all collection activity on two accounts for which it sought collection as the subject matter of this action under the FDCPA totaling $4,434.47 and would forgive the accounts in full without reselling, reassigning, or transferring any rights in connection with these accounts. On January 8, 2014, Judge Payne entered judgment in Plaintiff's favor consistent with the acceptance of the offer of

judgment.

On January 14, 2014, Plaintiff filed the subject Motion seeking attorneys' fees in the amount of $34,709.00 and costs totaling $4,838.10.  In seeking these fees and costs, Plaintiff relies upon the terms of the offer as well as the FDCPA at 15 U.S.C. § 1692k.  This section provides

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --
>
> *   *   *
>
> in any case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .
>
> 15 U.S.C. § 1692k(a)(3).

Defendant first contends that the acceptance of Defendant's offer of judgment did not establish a "foregoing liability" as required by the FDCPA for recovery of fees and costs since Defendant explicitly denied liability in its offer.  This Court need look no further than Defendant's offer of judgment itself to find the authority for Plaintiff to recover a reasonable attorney fee and costs.  Defendant specifically provided for Plaintiff's recovery of fees and costs "through the date of acceptance of this Offer of Judgment. . . ."  In interpreting offers of judgment, courts are generally guided by principles of contract law.  *See*, <u>Medina v. Housing Auth. of San Miguel County</u>, 1992 WL 218990, 2

3

(10th Cir. (N.M.))(citations omitted). Defendant offered the payment of a reasonable attorneys' fee and costs as a part of the contract between the parties to resolve this action and Plaintiff accepted the offer. Defendant is contractually bound to honor this term of the agreement.

The determination of a reasonable award of attorney fees begins with calculating the "lodestar," that is, "the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate." United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1233 (10th Cir. 2000)(citation omitted). The "lodestar amount" is "the centerpiece of attorney's fee awards." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). The lodestar figure "is the presumptively reasonable fee." Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir. 1994). The party seeking fees has the burden of proving the amount of hours spent and the reasonableness of the same. United Phosphorus, Ltd., 205 F.3d at 1233. In other words, the "burden in an application for attorneys fees is to prove and establish the reasonableness of each dollar, each hour, above zero." Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995)(quotation and citation omitted). "[T]he party must submit meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." United

Phosphorus, Ltd., 205 F.3d at 1233 (quoting Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243, 1249 (10th Cir. 1998)).  Because attorneys normally do not bill all hours expended in litigation to a client and "an applicant should exercise billing judgment with respect to a claim of the number of hours worked." Ellis v. Univ. of Kansas Medical Ctr., 163 F.3d 1186, 1202 (10th Cir. 1998).  Counsel are expected to make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . [and the] district court has a corresponding obligation to exclude hours not reasonably expended from the calculation."  Id.  A district court approaches this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients . . . ."  Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983). The court may reduce "the reasonable hours awarded if 'the number [of compensable hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative."  Carter v. Sedgwick County, Kan., 36 F.3d 952, 956 (10th Cir. 1994).  "[T]he overriding consideration . . . [is] whether the attorney's hours were 'necessary' under the circumstances," which requires a court to determine "what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "[W]hat is reasonable in a particular case can depend upon factors

such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." <u>Ramos</u>, 713 F.2d at 554.

This Court begins with an assessment of the hourly rates charged by Plaintiff's counsel. "When determining the appropriate rate to apply to the reasonable hours, 'the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation.'" <u>United Phosphorus, Ltd.</u>, 205 F.3d at 1234 (quoting <u>Case</u>, 157 F.3d at 1255). The burden is with the applicant to show that the requested rates are reasonable, that is, they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Ellis</u>, 163 F.3d at 1203. "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." <u>Lucero v. City of Trinidad</u>, 815 F.2d 1384, 1385 (10th Cir. 1987)(citation omitted). "[A] district court abuses its discretion when it ignores the parties' market evidence and sets an attorney's hourly rate using the rates it consistently grant[s]." <u>Case</u>, 157 F.3d at 1255 (quotation marks and citation omitted). The "court must award rates compatible with competent, trustworthy evidence of the market." <u>Id</u>. at 1256.

Plaintiff's counsel presented the testimony of Richard Glassco, an attorney from Oklahoma City, Oklahoma who practices in

the area of consumer protection law. Mr. Glassco reviewed Plaintiff's time and expense records, supplemental amended certification offered at the hearing, the original certification, the qualifications of counsel, as well as the motion and attendant responsive briefs. He testified that he bills at a rate of $200.00 per hour and a review of the customary rates in this area of practice for the Tulsa/Muskogee area revealed a range of between $225.00 and $275.00 per hour. Mr. Glassco also testified that the number of hours expended and work performed was reasonable in light of the problems developed in discovery, requiring an inordinate amount of work.

In the Motion, Tara Patterson, who performed the bulk of the work in the case, billed at $250.00 per hour, Joseph L. Gentilcore billed at $175.00 per hour, and Craig Thor Kimmel billed at a rate of $300.00 per hour. Plaintiff's attorneys also utilized the services of three paralegals - Daniel O'Connell, Katelynn Fitti, and Jason Ryan all billed at a rate of $85.00 per hour. One law clerk also worked on the case - Caroline Diehl charged $100.00 per hour. She has now been admitted to practice in the Commonwealth of Pennsylvania.

Ms. Patterson and Mr. Gentilcore have both demonstrated the experience in FDCPA litigation to justify the hourly rates they have billed. More importantly, the rates are within the range of customary rates charged in the geographic confines of the Eastern

District of Oklahoma for this type of litigation. Additionally, a review of the qualifications of the paralegals and the law clerk support the hourly rates which they have charged in connection with this litigation as reflected in the Supplemental Amended Certification admitted at the hearing.

This Court is concerned that Mr. Kimmel has charged to this case while remaining a stranger to this litigation. He did not appear in this Court or seek *pro hac vice* admission to this District. Mr. Kimmel's fees of $270.00 will not be permitted when his participation in this litigation was not sanctioned by this Court.

As for the reasonableness of the entries on counsels' contemporaneous time records, this Court has carefully reviewed the entries in light of Defendant's objection and finds the fees both reasonable and justified. Plaintiff has modified and corrected the various entries which should not have been billed but were erroneously charged which resulted in a reduction in the original request. This Court does not agree with Defendant that Mr. Gentilcore engaged in "block billing" primarily in connection with his research and brief writing tasks. Mr. Gentilcore provided an adequate explanation for the entries with sufficient specificity. Additionally, this Court does not find excessive or "vain" billing in certain tasks identified by Defendant. Indeed, it appears many of these tasks were precipitated by Defendant's opposition to

discovery requests or filing of documents which Plaintiff's counsel deemed worthy of challenge. This Court's review found Plaintiff's counsel had scrutinized its contemporaneous billing and admirably judged certain entries to be inappropriate for compensation. They demonstrated the level of self critical analysis required under the lodestar method of calculating compensation.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Motion for an Award of Attorney's Fees and Costs (entitled "Memorandum of Law in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs") filed January 14, 2014 (Docket Entry #144) be **GRANTED**, but based upon the foregoing analysis, the amount awarded for attorneys' fees be reduced by that amount charged by Mr. Kimmel to $34,439.00 and costs be awarded in the amount of $4,838.10.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 28th day of April, 2014.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma